UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLEN GREER,

    Plaintiff,

v.

CASE NO.:_____

PRO CUSTOM SOLAR, LLC
d/b/a MOMENTUM SOLAR,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ALLEN GREER ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, PRO CUSTOM SOLAR, LLC d/b/a MOMENTUM SOLAR, a Florida limited liability company ("Defendant") and states as follows:

### NATURE OF ACTION

1. This is a civil action for damages for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA") and unpaid wages under Florida Common Law and § 448.08 of the Florida Statutes (2020).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.* This Court has supplemental jurisdiction over Plaintiff's claim under Florida's Common Law and § 448.08 as that claim arises out of the same common nucleus of operative facts as do Plaintiff's federal claims. *See* 28 U.S.C. § 1367.

3. The venue of this Court over this controversy is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Orange County, Florida which lies in the Middle District of Florida, Orlando Division.

Defendant employed Plaintiff within Orange County and have conducted substantial, continuous, and systematic commercial activities within Orange County. All of the substantial events giving rise to these claims, including the unlawful employment practices of Defendant arose in Orange County, Florida, which lies in the Middle District of Florida, Orlando Division. Further, Defendant resides in Orange County, Florida.

## PARTIES

4. Plaintiff is an individual residing in Florida and a former employee of Defendant. Plaintiff was engaged in interstate commerce or engaged in the production of goods for interstate commerce as those terms are broadly defined by the FLSA throughout his employment with Defendant.

5. Defendant Solar is a Florida limited liability company with its principal address in Orlando, Orange County, Florida. Defendant Solar is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and was Plaintiff's employer as that term is defined under the FLSA.

## FACTS

6. Plaintiff began employment with Defendant on or about February 27, 2018.

7. Plaintiff was a non-exempt hourly employee with an hourly rate of $18.00.

8. Plaintiff often performed work for Defendant that was compensable time under the FLSA but was not paid for the time.

9. Plaintiff also often worked hours in excess of forty (40) per workweek without being compensated time and one-half for those hours.

10. For example, for the first approximately eight (8) months, Plaintiff was required to clock in at 6:30 a.m. but immediately clock back out to perform compensable work including loading of a truck and receiving direction from his supervisors. He would then regularly commute

to a supply store approximately 45 minutes away from the Shop, purchase and load supplies, and then travel to the job site in Tampa, Florida. It was at the time of his arrival to the Tampa job site, and never before, that he was allowed to clock back in.

11. Under the Fair Labor Standards Act ("FLSA"), all of the time spent loading the truck, receiving direction from his supervisors, traveling to a supply store, purchasing and loading materials, and then driving to the Tampa job site is compensable time. However, Defendant failed to pay Plaintiff for this time, which should have been calculated at his overtime rate.

12. During the same time period, Plaintiff was also not paid for the time he spent traveling back to the Shop in Orlando from Tampa. He was forced to clock out at the Tampa job site before beginning his travels back to Orlando. But once back in Orlando he performed compensable time by cleaning the truck, partially stocking it for the next day, and receiving direction from his supervisors. All of this time, including the travel time, is also compensable under the FLSA and Defendant failed to pay it to Plaintiff which should have been calculated at his overtime rate.

13. During the same time period, one-half of an hour was always deducted from Plaintiff's time records daily for a lunch break that he never was allowed to take. Accordingly, under the FLSA, he is also owed this time at his overtime rate.

14. Further, at the time of his separation from the company, he was owed approximately $2,160.00 in accrued PTO that was not paid to him.

15. Plaintiff objected to Defendant's refusal to consistently pay his hourly wages for his work or a lawful overtime rate for hours worked in excess of forty (40) in any given workweek.

16. Plaintiff ultimately resigned from his job.

17. Plaintiff has incurred damages from Defendant's unlawful acts.

18. Plaintiff has retained the law firm of Bogin, Munns & Munns, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

19. All conditions precedent to the filing of this action have been fulfilled by Plaintiff or waived by Defendant.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-19, *supra*.

21. Throughout Plaintiff's employment, Defendant repeatedly and willfully violated the FLSA by failing to consistently compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for hours greater than forty (40) in any given workweek.

22. As a direct and proximate result of Defendant's acts, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

A. Unpaid overtime wages found to be due and owing;

B. An additional equal amount as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. A reasonable attorney's fees and costs; and

E. Such other relief as the Court deems just and equitable;

## COUNT II
## UNPAID WAGES UNDER FLORIDA COMMON LAW

23. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-19, *supra*.

24. This is an action brought pursuant to Florida Common Law as a wages owed claim.

25. The parties had an oral agreement that Defendant would pay Plaintiff an hourly wage for all work performed.

26. Defendant has breached that agreement by failing and refusing to pay Plaintiff for all hours performed for Defendant.

27. This constitutes unpaid wages under Chapter 448.08, Florida Statutes (2020) and Florida common law.

28. Pursuant to Chapter 448.08, Florida Statutes (2020), Plaintiff is entitled to an award of its reasonable attorney fees upon prevailing in this action.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, prejudgment interest, together with costs of suit and a reasonable attorney's fee, along with any such other and further relief as the Court may deem proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

/s/ John W. Bolanovich
John W. Bolanovich
Fla. Bar No. 143707
Bogin, Munns & Munns, P.A.
Gateway Center
1000 Legion Place, Suite 1000
Orlando, FL 32801
(P.O. Box 2807, Orlando, FL 32802)
Telephone: (407) 578-1334
Facsimile:  (407) 578-2181
Primary E-mail: jbolanovich@boginmunns.com
Secondary E-mail: bmmservice@boginmunns.com
Alternate E-mail: blewis@boginmunns.com
Counsel for Plaintiff