**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLEN GREER,**

        **Plaintiff,**

**v.**                                                                                          **Case No: 6:20-cv-800-Orl-22LRH**

**PRO CUSTOM SOLAR, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF FLSA CLAIMS *WITH PREJUDICE* AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 25)**
>
> **FILED:** December 31, 2020
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I. BACKGROUND.**

On May 8, 2020, Plaintiff Allen Greer instituted this action against Defendant Pro Custom Solar, LLC. Doc. No. 1. Plaintiff asserts one claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and an unpaid wages claim under Florida common law. *Id.*

On October 13, 2020, the parties notified the Court that they had reached a settlement of Plaintiff's claims. Doc. No. 22. The parties thereafter filed a joint motion to approve their settlement agreement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and to dismiss the case with prejudice. Doc. No. 23. With the motion, the parties included a fully executed copy of their settlement agreement. *Id.* at 10–15.

The undersigned denied the joint motion without prejudice because the release extended to non-parties to the agreement. Doc. No. 24. In addition, the agreement stated that it could be amended by written agreement signed by both parties. *Id.* at 2.

The instant matter comes before the Court on review of the parties' Renewed Joint Motion for Approval of Settlement and Dismissal of FLSA Claims With Prejudice. Doc. No. 25.[1] With the renewed motion, the parties have included a fully executed copy of an amended Settlement Agreement and Release of Claims Under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") ("the Agreement"). Doc. No. 25, at 10–14. The renewed motion was referred to the undersigned, and the matter is ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the

---

[1] In the joint motion, the parties state that the settlement reached pertains to both Plaintiff's unpaid overtime claim as well as Plaintiff's claim under Florida common law. Doc. No. 25, at 1.

plaintiff's FLSA claims.  *Id.* at 1353–55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *Lynn's Food*, 679 F.2d at 1354.  However, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required."  *Park v. Am. Servs. of Cent. Fla., Inc*., No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at *2 (M.D. Fla. Feb. 3, 2007) (citing *MacKenzie v. Kindred Hosp. East, L.L.C*., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

**III.   ANALYSIS.**

    *A.   Whether Plaintiff Has Compromised His FLSA Claim.*

Pursuant to the Agreement, Defendants agree to pay Plaintiff $3,000.00 to settle his overtime claim, $3,000.00 in liquidated damages, and $4,000.00 in Plaintiff's attorneys.  Doc. No. 25, at 11 ¶ 3.  In his answers to the Court's Interrogatories, Plaintiff estimated his total damages at $33,696.00 and stated that he was seeking an equal amount in liquidated damages, as well as attorney's fees.  Doc. No. 19, at 2–3.

Therefore, because Plaintiff will receive less under the Agreement than the amount that he claimed was owed under the FLSA, Plaintiff has compromised his FLSA claim within the meaning of *Lynn's Food*. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009) ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

   *B. Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable. In support of their joint motion, the parties explain that Defendant "vehemently" denies Plaintiff's allegations and contends that Plaintiff was paid for all hours worked. Doc. No. 25, at 2, 4. The parties exchanged numerous time and pay records, which Plaintiff contends are inaccurate but which Defendant posits demonstrate that Plaintiff was paid for all hours worked. *Id.* at 4. Thus, the parties state that there is substantial uncertainty regarding the number of hours Plaintiff worked. *Id.* The parties agree that there has been sufficient investigation and exchange of information "to allow them to make an educated and informed analysis" regarding settlement. *Id.* at 6. To avoid the unknown risks and protracted litigation, the parties agreed to enter the settlement. *Id.* at 2. The parties, who have been represented by experienced counsel, agree that the settlement reached is "a fair, reasonable, and just compromise of disputed issues." *Id.* at 2, 5.

Because these representations adequately explain the reasons for the compromise of Plaintiff's FLSA claim, I recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

### C. *Attorney's Fees and Costs.*

Given that Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his counsel is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept in settlement. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[2] Under the Agreement, counsel for Plaintiff will receive a total of $4,000.00 in attorney's fees and costs. Doc. No. 25, at 11–12 ¶ 3(a). In the joint motion, the parties state that "the fee to be paid as part of the resolution of Plaintiff's claims was agreed upon by the Parties separately and without regard to the amount paid to Plaintiff. Plaintiff's FLSA claims were not compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract or otherwise." Doc. No. 25, at 7. The parties further stipulate that fees Plaintiff's counsel will receive are reasonable. *Id.*

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of his FLSA wage claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

### D. *Other Terms of the Agreement.*

Upon review, the Agreement does not contain a broad general release, confidentiality provision, non-disparagement clause, or other potentially problematic non-cash concession that

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

would undermine the fairness of the parties' settlement. *See* Doc. No. 25, at 10–14. In particular, the release provides as follows:

> This Agreement shall constitute a release of all claims Plaintiff might have under the FLSA against Defendant.
>
> . . . .
>
> Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims arising under the FLSA against Defendant which Plaintiff has or might have as of the date of the execution of this Agreement.

Doc. No. 25, at 11 ¶ 2.

Because the release is limited to the FLSA claims raised in Plaintiff's complaint, it raises no concerns under *Lynn's Food*. *See, e.g.*, *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint"). And I note that the parties have removed the provision purporting to allow subsequent amendment to the Agreement.

## IV. CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Renewed Joint Motion for Approval of Settlement and Dismissal of FLSA Claims With Prejudice (Doc. No. 25);

2. **FIND** that the Agreement (Doc. No. 25, at 11–14) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DISMISS** this case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on January 11, 2021.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record